UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CAROLINA CARDENAS,
and other similarly situated non-exempt cooks,

    Plaintiffs,

vs.

SABOR LATIN RESTAURANT & CAFÉ, LLC
a Florida limited liability company,
RAFAEL RAMIREZ, an individual and
ELIZABETH NIETO, an individual,

    Defendants,
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendant, RAFAEL RAMIREZ (hereinafter "Ramirez"), by counsel, hereby removes Case No. 2016-030270-CA-01 (30) from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1331, 1367, 1441, and 1446, and as grounds for its removal states as follows:

### STATEMENT OF THE CASE

1. On or about December 2, 2016, Plaintiff, Carolina Cardenas (hereinafter

1

"Cardenas"), filed a Complaint for Damages and Demand for Jury Trial (the "Complaint"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Carolina Cardenas and other similarly situated non-exempt cooks v. Sabor Latin Restaurant and Café LLC, a Florida Limited Liability Company, Rafael Ramirez and Elizabeth Nieto,* Case No. 2016-030270-CA-01 (30) (the "State Court Action"). The Complaint asserts nine causes of action: (1) Wage and Hour Federal Statutory Violation Against Sabor Latin Restaurant and Café LLC, (2) Wage and Hour Federal Statutory Violation Against Rafael Ramirez (Non-Payment of Wages); (3) Plaintiff's Battery Claim Against Rafael Ramirez; (4) Plaintiff's Assault Claim Against Rafael Ramirez; (5) Plaintiff's Intentional Infliction of Emotional Distress Claim Against Rafael Ramirez; (6) Plaintiff's Intentional Infliction of Emotional Distress Claim Against Sabor Latin Restaurant and Café LLC; (7) Plaintiff's Battery Claim Against Elizabeth Nieto; (8) Plaintiff's Assault Claim Against Elizabeth Nieto and (9) Plaintiff's Intentional Infliction of Emotional Distress Claim Against Elizabeth Nieto.

2. On December 6, 2016 Ramirez was served with the Complaint.

**BASIS FOR FEDERAL JURISDICTION**

3. The federal statute that governs removal of the Complaint is 28 U.S.C.§ 1441(a), which provides in pertinent part that:

Except as otherwise provided by Act of Congress, any civil action brought in State Court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant or Defendants, to the District Court of the United States for the District and Division embracing the place where such action is pending.

4. Also of import is 28 U.S.C. § 1331, which provides that "[t]he district courts have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States."

5. The federal FLSA claim brought by Cardenas against Ramirez in Count II of the Complaint is a pending state court cause of action over which this Court would have original jurisdiction, pursuant to 28 U.S.C. § 1331, and thus it may be removed to this court under 28 U.S.C. § 1441(a). *See Breuer v. Jim's Concrete of Brevard Inc.,* 292 F.3d 1308(11th Cir. (Fla.) 2002)(An FLSA action once started in state court may be removed to federal court).

6. In addition, the three (3) state law claims asserted by Cardenas against Ramirez arise out of the same case and controversy as the federal FLSA claim, because they arise out of the same employment relationship. Thus, the three (3) state law claims against Ramirez fall within this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a).

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

7. Pursuant to 28 U.S.C. § 1446(a) and S.D.Fla.L.R. 7.2, true and correct copies of all the process, pleadings, orders and documents from the State Court Action are attached hereto as **Composite Exhibit "A".**

8. This Notice of Removal has been filed within thirty (30) days of the date that Ramirez was served with the Complaint. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

9. Venue is proper in the Court pursuant to 28 U.S.C. § 1441(a) and 1446(b) because the U.S. District Court for the Southern District of Florida is the federal judicial district embracing the Circuit Court for Miami-Dade County, Florida, where the State Court Action was originally filed.

10. By this Notice of Removal, Ramirez does not waive any objections he may have as to service, jurisdiction or venue, or any other defenses or objections he may have to this action. Ramirez intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

WHEREFORE, Defendant, Ramirez, respectfully requests that the above styled action be removed from the Circuit Court in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

Dated this 14th day of December, 2016.

4

Respectfully Submitted,

/s/ *Anthony V. Falzon*
ANTHONY V. FALZON, ESQUIRE
Fla. Bar No. 69167
SIMON, SCHINDLER & SANDBERG LLP
2650 Biscayne Boulevard
Miami, FL 33137
Tel: (305) 576 1300
Fax: (305) 576 1331
E-Mail: afalzon@miami-law.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2016, I electronically filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on Counsel for the Plaintiff via E-mail at jremer@rgpattorneys.com.

/s/ *Anthony V. Falzon*
ANTHONY V. FALZON