IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CAROLINA CARDENAS,
and other similarly situated non-exempt
cooks.

    Plaintiff(s),

v.

SABOR LATIN RESTAURANT AND CAFÉ, LLC
a Florida Limited Liability Company, RAFAEL
RAMIREZ and ELIZABETH NIETO, Individually.

    Defendants.
_____/

CIVIL CASE

Case No.: 2016-030370-CA01

5/3
#2148
12/06/16

## SUMMONS IN A CIVIL CASE

TO: SABOR LATIN RESTAURANT AND CAFÉ, LLC, through its Registered Agent:

RAMIREZ RAFAEL
1880 79th St Causeway
North Bay Village, FL 33141

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____ DEC 02 _____ _____
CLERK                           DATE
                    MARIA GUEVARA
_____
(BY) DEPUTY CLERK

EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CAROLINA CARDENAS,
and other similarly situated non-exempt
cooks.
    Plaintiff(s),

CIVIL CASE

Case No.: 2016 - 030270 -CA -01

v.

SABOR LATIN RESTAURANT AND CAFÉ, LLC
a Florida Limited Liability Company, RAFAEL
RAMIREZ and ELIZABETH NIETO, Individually.

    Defendants.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, CAROLINA CARDENAS ("Plaintiff"), on behalf of herself and other current and former similarly situated non-exempt cooks, by and through undersigned counsel, hereby files this Complaint against Defendants SABOR LATIN RESTAURANT AND CAFÉ, LLC a Florida Limited Liability Company, RAFAEL RAMIREZ and ELIZABETH NIETO, Individually (Collectively "Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated non-exempt cooks for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime and/or minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs. In addition to, assault and battery and other relief as the Court deems just and proper.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, SABOR LATIN RESTAURANT AND CAFÉ, LLC, having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, RAFAEL RAMIREZ, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, SABOR LATIN RESTAURANT AND CAFÉ, LLC.

6. Defendant, ELIZABETH NIETO, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, SABOR LATIN RESTAURANT AND CAFÉ, LLC.

7. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

10. PLAINTIFF specifically reserves the right to amend this Complaint.

## COMMON ALLEGATIONS TO ALL COUNTS

11. Plaintiff, CAROLINA CARDENAS was employed by Defendants from approximately September 12, 2012 through February 5, 2016, as a non-exempt cook.

12. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

13. During the time period referenced above, Defendants failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

14. Plaintiff claims there are other similarly situated current and former employees working, or previously working, for Defendants/Defendant.

15. Plaintiff and other similarly-situated current and former employees performed similarly duties for Defendants/Defendant and were subject to similar policies as to compensation.

16. Plaintiff and other similarly-situated current and former employees of Defendants/Defendant would benefit from joining this collective action alleged herein.

17. During the relevant time period Plaintiff CAROLINA CARDENAS performed approximately twenty five (25) hours of overtime each week for which Defendants failed to pay Plaintiff at one-and-one-half times her regular rate of pay.

18. From approximately **September 12, 2012 through June 1, 2015**, Plaintiff was paid eight dollars and five cents ($8.05) per hours worked weekly.

19. From approximately **June 2, 2015 through February 5, 2016**, Plaintiff was paid ten dollars ($10) per hours worked weekly.

20. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

21. Therefore, from **September 12, 2012 through June 1, 2015**, Plaintiff CAROLINA CARDENAS's half-time rate is $4.00 [$8.05 (hourly rate) (x) 1.5=$12.07-$8.05=$4]. Plaintiff seeks this rate for each of Plaintiff's approximate twenty five (25) hours of overtime weekly.

22. As such, Plaintiff is owed approximately $14,100 [$4 (half-time rate) (x) 25 (hours of overtime) (x) 141 weeks in unliquidated overtime wages).

23. Therefore, from September 12, 2012 through June 1, 2015, Plaintiff is owed approximately $14,100 in unpaid unliquidated overtime wages, plus an additional equal amount as liquidated damages, totaling $28,200.

24. Therefore, from **June 2, 2015 through February 5, 2016**, Plaintiff CAROLINA CARDENAS's half-time rate $5.00 [$10 (hourly rate) (x) 1.5=$15-$10=$5]. Plaintiff seeks this rate for each of Plaintiff's approximate twenty five (25) hours of overtime weekly.

25. As such, Plaintiff is owed approximately $4,375 [$5 (half-time rate) (x) 25 (hours of overtime) (x) 35 weeks in unliquidated overtime wages).

26. Therefore, from June 2, 2015 through February 5, 2016, Plaintiff is owed approximately $4,375 in unpaid unliquidated overtime wages, plus an additional equal amount as liquidated damages, totaling $8,750.

27. Additionally, Plaintiff is owed the last four (4) weeks of work. As such, Plaintiff is owed in addition to her unpaid overtime wages approximately $1,600 [$10 (x) 40 hours (x) 4 weeks].

28. Also, throughout Plaintiff's employment, Defendant Rafael Ramirez would make inappropriate comments about Plaintiff's appearance and figure.

29. On or about, February 5, 2016, at the end of Plaintiff's work shift, Plaintiff was served a beer at the restaurant by Defendant Rafael Ramirez and his wife Elizabeth Nieto.

30. After that, Plaintiff couldn't recall specifically what happened until the following morning when Plaintiff awoke on the floor in front of the restaurant's bathroom and Elizabeth was pulling off Plaintiff's pants and began performing oral sex on Plaintiff.

31. Even though, Plaintiff verbally objected to any and all sexual advances, at this point Plaintiff was not strong enough to resist.

32. Plaintiff believed she was drugged.

33. Continuously, Elizabeth went to her husband Rafael Ramirez and said to him "babe it's your turn".

34. Although, Plaintiff continued to object verbally, Rafael Ramirez proceeded to rape Plaintiff vaginally.

35. During the rape, Elizabeth proceeded to state "I know you like it" in Spanish.

36. Throughout the entire ordeal Plaintiff continued to object verbally until Plaintiff overheard her husband arrived at the restaurant and began knocking on the window.

37. At this point, Plaintiff was dragged into the bathroom out of the sight of her husband.

38. Plaintiff overheard Elizabeth tell Plaintiff's husband that Plaintiff was gone for the night.

39. Plaintiff was able to escape from the bathroom and ran to her husband.

40. Plaintiff never came back to work, Plaintiff only returned to pick up her bicycle which she had left after escaping.

41. DEFENDANT is liable for his uncivilized, unprovoked, violent and harmful acts against the Plaintiff.

## COUNT I
### Wage & Hour Federal Statutory Violation Against
### SABOR LATIN RESTAURANT AND CAFÉ, LLC

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

43. This action is brought by Plaintiff and other similarly-situated employees to recover from Defendant unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

44. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

45. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

46. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state

lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

47. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

48. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

49. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

50. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

51. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

52. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and/or minimum wages compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

F. Plaintiff is requesting punitive damages;

G. Grant Plaintiff a Trial by Jury.

## COUNT II
### Wage & Hour Federal Statutory Violation Against
### RAFAEL RAMIREZ
### (Non-Payment of Wages)

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26, of this Complaint as if set out in full herein.

54. At the times mentioned, Defendant RAMIREZ was, and is now, a corporate officer of corporate Defendant SABOR LATIN RESTAURANT AND CAFÉ, LLC.

55. Defendant **RAMIREZ** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant **RAMIREZ** acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

56. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

57. Based on this broad definition, Defendant **RAMIREZ**, in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

58. Defendant **RAMIREZ** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant RAMIREZ:

A. Adjudge and decree that Defendant **RAMIREZ** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant **RAMIREZ** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury.

## COUNT III
### *PLAINTIFF's BATTERY CLAIM AGAINST RAFAEL RAMIREZ*

59. PLAINTIFF re-states and re-alleges paragraphs 1 through 9, 27 through 40, as if set forth in full herein.

60. DEFENDANTS intended to cause and did cause PLAINTIFF harmful contact with his person.

61. PLAINTIFF did not consent to the DEFENDANTS' harmful acts.

62. As a direct and proximate result of the attack alleged above, PLAINTIFF suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or the aggravation of a previously existing condition. The losses are either permanent or continuing, and PLAINTIFF will suffer the losses in the future.

63. PLAINTIFF is informed and believes, and based on that information and belief alleges that PLAINTIFF will be required to secure additional medical services for the care and treatment of the injuries sustained by PLAINTIFF, the reasonable value of which is unknown to PLAINTIFF at this time.

64. DEFENDANTS' acts were done knowingly, willfully, and with malicious intent, and PLAINTIFF is therefore entitled to punitive damages in an amount to be determined by proof at trial.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS for damages for past and future lost earnings, compensatory damages, court costs, attorney's fees pursuant to Fla. Stat. § 57.105 and for any and all other relief that this Court may deem just and proper.

## COUNT IV
### PLAINTIFF'S ASSAULT CLAIM AGAINST RAFAEL RAMIREZ

65. PLAINTIFF re-states and re-alleges paragraphs 1 through 9, 27 through 40 as if set forth in full herein.

66. Defendant intended to cause and did cause PLAINTIFF to suffer apprehension of an immediate harmful contact.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS for damages for past and future lost earnings, compensatory damages, court costs, attorney's fees pursuant to Fla. Stat. § 57.105 and for any and all other relief that this Court may deem just and proper.

## COUNT V
### PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST RAFAEL RAMIREZ

67. PLAINTIFF re-states and re-alleges paragraphs 1 through 9, 27 through 40 as if set forth in full herein.

68. During the time frame enumerated, DEFENDANTS deliberately and recklessly inflicted mental suffering on PLAINTIFF by and through his intentional verbal and physical harassment and humiliation of PLAINTIFF.

69. DEFENDANTS' conduct is so outrageous in character, and so extreme in degree, that it is considered atrocious and utterly intolerable in a civilized society.

70. DEFENDANTS's conduct stated in paragraphs 27 through 40 caused PLAINTIFF severe emotional distress.

WHEREFORE, the PLAINTIFF demands judgment for damages against DEFENDANTS and such other relief as this Court deems appropriate and just.

## COUNT VI
### PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST SABOR LATIN RESTAURANT AND CAFÉ, LLC

71. PLAINTIFF re-states and re-alleges paragraphs 1 through 9, 27 through 40 as if set forth in full herein.

72. During the time frame enumerated, DEFENDANTS deliberately and recklessly inflicted mental suffering on PLAINTIFF by and through his intentional verbal and physical harassment and humiliation of PLAINTIFF.

73. DEFENDANTS' conduct is so outrageous in character, and so extreme in degree, that it is considered atrocious and utterly intolerable in a civilized society.

74. DEFENDANTS's conduct stated in paragraphs 27 through 40 caused PLAINTIFF severe emotional distress.

WHEREFORE, the PLAINTIFF demands judgment for damages against DEFENDANTS and such other relief as this Court deems appropriate and just.

## COUNT VII
### PLAINTIFF's BATTERY CLAIM AGAINST ELIZABETH NIETO

75. PLAINTIFF re-states and re-alleges paragraphs 1 through 9, 27 through 40, as if set forth in full herein.

76. DEFENDANTS intended to cause and did cause PLAINTIFF harmful contact with his person.

77. PLAINTIFF did not consent to the DEFENDANTS' harmful acts.

78. As a direct and proximate result of the attack alleged above, PLAINTIFF suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or the aggravation of a previously existing condition. The losses are either permanent or continuing, and PLAINTIFF will suffer the losses in the future.

79. PLAINTIFF is informed and believes, and based on that information and belief alleges that PLAINTIFF will be required to secure additional medical services for the care and treatment of the injuries sustained by PLAINTIFF, the reasonable value of which is unknown to PLAINTIFF at this time.

80. DEFENDANTS' acts were done knowingly, willfully, and with malicious intent, and PLAINTIFF is therefore entitled to punitive damages in an amount to be determined by proof at trial.

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for damages for past and future lost earnings, compensatory damages, court costs, attorney's fees pursuant to Fla. Stat. § 57.105 and for any and all other relief that this Court may deem just and proper.

## COUNT VIII
### *PLAINTIFF'S ASSAULT CLAIM AGAINST ELIZABETH NIETO*

81. PLAINTIFF re-states and re-alleges paragraphs 1 through 9, 27 through 40 as if set forth in full herein.

82. Defendant intended to cause and did cause PLAINTIFF to suffer apprehension of an immediate harmful contact.

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for damages for past and future lost earnings, compensatory damages, court costs, attorney's fees pursuant to Fla. Stat. § 57.105 and for any and all other relief that this Court may deem just and proper.

## COUNT IX
### PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST ELIZABETH NIETO

83. PLAINTIFF re-states and re-alleges paragraphs 1 through 9, 27 through 40 as if set forth in full herein.

84. During the time frame enumerated, DEFENDANTS deliberately and recklessly inflicted mental suffering on PLAINTIFF by and through his intentional verbal and physical harassment and humiliation of PLAINTIFF.

85. DEFENDANTS' conduct is so outrageous in character, and so extreme in degree, that it is considered atrocious and utterly intolerable in a civilized society.

86. DEFENDANTS's conduct stated in paragraphs 27 through 40 caused PLAINTIFF severe emotional distress.

WHEREFORE, the PLAINTIFF demands judgment for damages against DEFENDANTS and such other relief as this Court deems appropriate and just.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 11-23-16

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005